IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DESI LEE HEWETT,

      Plaintiff,

v.                                  CASE NO. 4:08-cv-00554-MP-WCS

MICHAEL J ASTRUE,

      Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 24, Report and Recommendation of the

Magistrate Judge, recommending that this matter be remanded to the Commissioner for further

proceedings. The time for filing objections has passed, and none have been filed.

The Court agrees with the Magistrate Judge that this case should be remanded. The

Plaintiff claims disability due to constant migraine headaches. Plaintiff's treating physician, Dr.

Hassan, filled out a Migraine Headache Medical Source Statement of Ability to Do Work-

Related Activities form in which he stated that he had been treating Plaintiff for 14 months for

migraine headaches. Plaintiff had throbbing head pain that worsened with physical activity, that

the pain interfered with regular activities, and was accompanied by nausea with vomiting. He

also said that Plaintiff was sensitive to light (photophobia), experienced flickering lights, spots,

and lines, had loss of appetite during a migraine, and was irritable and depressed. Dr. Hassan

said that Plaintiff experienced muscle aches and rebound headaches as side effects of her

medications, but that she had had improvement with medications.

Based on these medical findings, Dr. Hassan said that Plaintiff's ability to maintain

attention, concentration, and pace under work conditions would be affected by her headaches. R. 284. He said that Plaintiff's attention would be affected during a migraine attack according to Plaintiff. *Id*. He thought that Plaintiff would need to take unscheduled breaks from work due to headaches two or three times a week, and during such breaks, would need to lie down. *Id*. He said that Plaintiff would be absent from work three or more days per month due to headaches. *Id*.

The Administrative Law Judge rejected these opinions because, first, the Administrative Law Judge concluded that Dr. Hassan had only recently begun treating Plaintiff. This is simply wrong, considering the fourteen months that Dr. Hassan had treated Plaintiff, according to his records. Second, the Administrative Law Judge relied upon another doctor, Dr. Griffin, who opined that Dr. Hassan based his conclusions on "nothing more than the claimant's subjective allegations." While this may be true, many cases recognize the fact that there appears to be no set standard for establishing the existence of migraines, Creel v. Wachovia Corp., 2009 WL 179584, *8 n. 20 (11th Cir. Jan 27, 2009) , and "there are some conditions, such as migraine headaches, that cannot be diagnosed or confirmed through laboratory or diagnostic testing." Duncan v. Astrue, 2008 WL 111158 (E.D. N.C. Jan 08, 2008) (No. 4:06-CV-230-FL).

The Court agrees with the Magistrate Judge that the record in this case needs to be expanded. On the one hand, the medical records show precisely the kinds of signs that are to be expected when someone suffers frequent headaches. The record also shows many treatment attempts, but the records are ambiguous as to the frequency and severity of Plaintiff's headaches and whether other forms of treatment would be effective. Where there is an ambiguity in the treating physician's records or opinion, the Administrative Law Judge should take steps to clarify it. It appears from the current record that the Administrative Law Judge has failed to do so. Title 42 U.S.C. § 405(g), sentence four, provides, "The court shall have power to enter, upon the

pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision

of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

The Court finds that such a judgment and remand is appropriate in this case.

     Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.     The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2.     The Clerk is directed to enter judgment reversing the denial of benefits and remanding this matter to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four. Upon remand, the Commissioner shall expand the record by obtaining further evidence from Dr. Hassan and, if appropriate, from Plaintiff's current treating physician concerning the frequency and severity of Plaintiff's migraine headaches.

3.     Pursuant to <u>Bergen v. Commissioner</u>, 454 F.3d 1273, 1277-78 (11th Cir. 2006), proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand. The Plaintiff shall file a motion to award fees under 406(b) within 14 days after counsel receives notice from the Defendant Commissioner as to Plaintiff's past due benefits. This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

    **DONE AND ORDERED** this *12th* day of March, 2010

               *s/Maurice M. Paul*
               Maurice M. Paul, Senior District Judge